UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELIPE HERNANDEZ,

    Plaintiff,

v.                                                                   Case No: 8:23-cv-1302-TPB-JSS

DROP RUNNER, LLC. and ORALDO
VEGA JR.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff moves for entry of final default judgment against Defendants Drop Runner, LLC and Oraldo Vega Jr. pursuant to Federal Rule of Civil Procedure 55 and for an award of attorneys' fees and costs. (Motion, Dkt. 16.) For the reasons that follow, the court recommends that the Motion be granted in part and denied in part.

## BACKGROUND

Plaintiff brings this action against Drop Runner, LLC and its owner, Vega, for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq, and Florida Statutes §§ 772.11, 448.110. (Dkt. 1.) According to the Complaint, Plaintiff worked at Drop Runner as a foreman installing high-speed internet cables from around October 2021 through August 24, 2022. (*Id.* ¶ 11–12.) Plaintiff alleges that during the course of his employment, Defendant failed to pay him wages totaling at least $3,200. (*Id.* ¶ 10–20); *see also* (Dkt. 1-1.)

Plaintiff served the Summons and Complaint on Defendants on June 17, 2023 and filed executed returns of service. (Dkts. 7, 8.) Neither Defendant has answered or otherwise responded to the Complaint. On Plaintiff's application, the Clerk of Court entered defaults against Defendants on July 24, 2023. (Dkts. 13, 14.) Plaintiff now moves for entry of final default judgment on Count I of the Complaint for violations of the FLSA and seeks an award of attorneys' fees and costs. (Dkt. 16.) Neither Defendant has appeared to oppose the Motion.

## APPLICABLE STANDARDS

When a party fails to plead or otherwise defend a judgment for affirmative relief, the clerk of the court must enter a default against the party against whom the judgment was sought. Fed. R. Civ. P. 55(a). If the plaintiff's claim is for a sum certain or an ascertainable sum, then the clerk, upon the plaintiff's request supported by an affidavit showing the amount due, must enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the party entitled to judgment must apply to the district court for a default judgment. Fed. R. Civ. P. 55(b)(2). A court may enter a default judgment against a defendant who never appears or answers a complaint "for in such circumstances the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

A defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact. *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005);

*Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] However, "before entering a default for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis omitted). Therefore, in considering whether to enter default judgment, the court must first determine whether the complaint states a claim for relief. *GMAC Com. Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997)). In addition to the pleadings, the court may consider evidence presented in support of the motion for default judgment, including affidavits. *See E.E.O.C. v. Titan Waste Servs. Inc.*, No. 3:10-cv-379-MCR-EMT, 2014 WL 931010 at *6 (N.D. Fla. Mar. 10, 2014); *Super Stop No. 701, Inc. v. BP Prod. N. Am. Inc.*, No. 08-61389-civ, 2009 WL 5068532, at *2 n.4 (S.D. Fla. Dec. 17, 2009) (noting that "unchallenged affidavits are routinely used to establish liability and damages" at default judgment); *see also Shandong Airlines Co. Ltd. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1207 (M.D. Fla. 2009) (relying on declaration and documentary evidence to support plaintiff's alleged damages on default). "A default judgment must

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## ANALYSIS

### A. Service of Process

To be entitled to a default judgment, a plaintiff bears the burden to establish proper service of the complaint on the defaulting party. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-Orl-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to improper service). A district court may not enter default judgment against a defendant who was not properly served. *Colclough v. Gwinnett Pub. Schs.*, 734 F. App'x 660, 662 (11th Cir. 2018) ("Given the improper service, the Court lacked jurisdiction over the matter and could not render a default judgment or enter default."); *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982) (holding that default judgment entered against defendant who was not properly served is void); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.").

Plaintiff therefore bears the burden to establish sufficient service of process on Defendant Drop Runner, LLC, a limited liability company, and Defendant Vega, an individual. Federal Rule of Civil Procedure 4(h) provides that an unincorporated

association, such as Drop Runner, LLC, may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B).  Federal Rule of Civil Procedure 4(e) provides that an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally."  Fed. R. Civ. P. 4(e)(2)(A).

Here, Plaintiff filed an affidavit of service indicating that service was made on Drop Runner, LLC by delivering a copy of the Summons and Complaint to Vega, Drop Runner, LLC's owner and registered agent, on June 17, 2023. (Dkt. 7.) Plaintiff also filed an affidavit of service indicating that service was made on Vega by delivering a copy of the Summons and Complaint to him individually on June 17, 2023.  (Dkt. 8.)  Plaintiff also filed an affidavit from his counsel (Dkt. 16 at 25) establishing that neither Defendant is in the military service of the United States.  *See Benson v. DeSantis*, No. 8:22-cv-1955-WFJ-MRM, 2022 WL 18927026 (M.D. Fla. Dec. 12, 2022) (explaining, to obtain default judgment, a plaintiff must file an affidavit pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. § 3931, "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit"). The court therefore finds that Plaintiff has properly effected service on both Defendants.

### B. Liability

Default judgment is proper only if the well-pleaded factual allegations in the complaint establish that plaintiff is entitled to the relief sought.  *Tyco Fire & Sec. LLC*,

218 F. App'x at 863. In the Complaint, Plaintiff asserts one count for violation of the FLSA against both Defendants and alleges that Defendants failed to pay him required wages and overtime compensation. (Dkt. 1 ¶¶ 11–20.) The FLSA creates a private right of action for employees against employers for violation of the statute's unpaid wages and overtime compensation provisions. 29 U.S.C. § 216(b). Section 206 of the FLSA requires that a covered employer pay each of its employees that "is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" wages at certain minimum rates. 29 U.S.C. § 206(a). Section 207 of the FLSA requires that a covered employee employed for a workweek longer than forty hours shall "receive[] compensation for his employment in excess of [forty hours] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b).

"To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n. 68 (11th Cir. 2008)); *see also Bailey v. TitleMax of Ga., Inc.*, 776 F.3d

797, 801 (11th Cir. 2015) ("An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work.") (citing *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1314–15 (11th Cir. 2007)). The FLSA "defines the term 'employer' broadly to include 'both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (quoting 29 U.S.C. § 203(d))). The Eleventh Circuit thus holds that "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* (quoting *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)). Additionally, the employer has the burden to establish that an exemption to FLSA liability applies. *Fowler v. OSP Prevention Grp., Inc.*, 38 F.4th 103, 105 (11th Cir. 2022); *see also Moser v. Action Towing Inc of Tampa*, No. 8:16-cv-420-T-35JSS, 2017 WL 10276702, at *2 (M.D. Fla. Feb. 6, 2017) ("[W]hether an exemption applies is not at issue in this case due to Defendant's default because the burden is on an employer seeking the exemption to prove that the employee falls within the exemption.").

Here, Plaintiff alleges sufficient facts in the Complaint to support each element of his claim for unpaid minimum wages and overtime wages against both Drop Runner, LLC and Vega. Initially, Plaintiff alleges that he was employed by Drop Runner, LLC from approximately October 2021 through August 24, 2022 and that

Drop Runner, LLC was engaged in interstate commerce during his employment. (Dkt. 1 ¶¶ 2, 5, 11–12.) According to the Complaint, Drop Runner, LLC is a privately owned, for-profit entity engaged in commerce or in the production of goods with an annual gross volume of business done of at least $500,000. (*Id.* ¶¶ 5, 8); *see also* 29 U.S.C. § 203(s)(1) (defining "[e]nterprise engaged in commerce or in the production of goods for commerce"). Plaintiff also alleges that Vega was the owner and president of Drop Runner, LLC, and that Vega was the "boss," had the power to hire and fire employees, supervised and controlled Plaintiff's work schedule, determined the rate and method of payment for employees, and maintained employment records. (Dkt. 1 ¶ 4, 9.) Plaintiff further alleges that Defendants were aware of his overtime work because Vega "supervised and controlled" Plaintiff's work schedules and that Defendants "regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week." (*Id.* ¶ 9, 17.) Plaintiff also alleges that Defendants failed to keep proper time records or track Plaintiff's time worked. (*Id.* ¶ 19.) Finally, Plaintiff alleges that Defendant failed to pay him minimum wages owed and that he was not properly paid for certain overtime hours. (*Id.* ¶¶ 18–20.) With the Complaint, Plaintiff also submitted a chart alleging that he had not been paid for several weeks in August 2022. (Dkt. 1-1.)

Accordingly, the court finds that that the allegations in Plaintiff's Complaint, which are deemed admitted in light of Defendants' default, are sufficient to establish Defendants' liability for violations of the FLSA. *See, e.g.*, *Ware v. Cadre Consulting Corp*, No. 8:21-cv-01743-TPB-AAS, 2022 WL 4388851, at *3–4 (M.D. Fla. Sept. 6, 2022),

*report and recommendation adopted,* 2022 WL 4385900 (M.D. Fla. Sept. 22, 2022) (awarding final default judgment for unpaid minimum wages and overtime wages under FLSA); *Onofre v. Higgins AG, LLC*, No. 8:21-cv-311-TPB-TGW, 2021 WL 6498121, at *1 (M.D. Fla. Dec. 29, 2021), *report and recommendation adopted,* 2022 WL 138096 (M.D. Fla. Jan. 14, 2022) (same); *Crable v. Premier Baths, Inc.*, No. 6:16-cv-1825-Orl-37TBS, 2017 WL 10994536, at *2 (M.D. Fla. Feb. 1, 2017) ("From Plaintiff's Supporting Allegations, it is plausible that Kelly is Plaintiff's employer under the FLSA.").

## C. Damages

As an initial matter, the court finds, in its discretion, that a hearing is not required to determine Plaintiff's damages. A hearing is not required to determine a damages award if "sufficient evidence is submitted to support the request." *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008); *see Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (Rule 55(b) "leaves the decision to hold an evidentiary hearing to the court's discretion."). Here, Plaintiff's Complaint seeks damages for unpaid wages "totaling at least $3,200.00" (Dkt. 1 ¶ 20) and Plaintiff submitted an affidavit in support of the Motion explaining his work schedule, hours worked, wages received, and the damages claimed against Defendants. (Dkt. 16 at 16–18.)[2]

---

[2] Plaintiff attached a chart to his affidavit, which revises the hours for which he is seeking compensation under the FLSA and increases the claimed unpaid wages from "at least $3,200" to $3,875. *Compare* (*Id.* at 19) *with* (Dkt. 1-1.) However, because Plaintiff's Complaint seeks damages "totaling at least $3,200.00" and generally alleges entitlement to both unpaid wages and overtime

Further, where an employer's records are inadequate and the employee sets forth evidence of the work performed to support a claim for unpaid wages, "the burden shifts to the employer to prove its claim or disprove the employee's, and upon failing to do so, the court can award damages to the employee even if the result is only approximate." *Etienne v. Inter-Cty. Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999); *Clough v. McClure Constr. Co., LLC*, No. 6:18-cv-2069-Orl-41GJK, 2019 WL 1559661, at *2 (M.D. Fla. Mar. 25, 2019) ("A plaintiff may establish his or her damages by affidavit.") (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)), *report and recommendation adopted sub nom. Clough v. McClure Constr. Co, LLC.*, No. 6:18-cv-2069-Orl-41GJK, 2019 WL 1558667 (M.D. Fla. Apr. 10, 2019); *Edenfield v. Crib 4 Life, Inc.*, No. 6:13-cv-319-Orl-36, 2014 WL 1345389, at *4 (M.D. Fla. Apr. 4, 2014) ("Because [defendant] has not disproved [plaintiff's] evidence of the hours he worked, his approximation of the overtime hours worked is sufficient to establish the number of hours of overtime he worked."). As discussed above, Plaintiff has presented sufficient evidence in support of the Motion for the court to assess his damages request.

---

wages, the court finds entry of default judgment proper for both unpaid minimum wages and unpaid overtime wages under Rule 54(c) as discussed herein. *See, e.g.*, *Murillo v. Cape Coral Roofing & Sheet Metal, Inc.*, No. 2:19-cv-674-SPC-MRM, 2021 WL 7084730, at *9 (M.D. Fla. Dec. 16, 2021), *report and recommendation adopted as modified,* 2022 WL 92824 (M.D. Fla. Jan. 10, 2022) ("The Undersigned finds that despite not demanding a sum certain in the Complaint, Plaintiff Murillo is entitled to recover the requested damages. Specifically, the amounts requested constitute her unpaid wages and liquidated damages, both of which were demanded in the Complaint.") (citing *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005)).

In the Motion, Plaintiff seeks damages in three categories: unpaid wages for regular hours worked totaling $1,228, unpaid wages for overtime hours worked totaling $647, and $2,000 that was deducted from his pay as a "guarantee for damages." (Dkt. 16 at 16–19.) Plaintiff thus seeks $3,875 in total outstanding wages and an equal amount in liquidated damages pursuant to 29 U.S.C. § 216. (*Id.* at 12–14.)

With respect to unpaid wages for regular hours worked, Plaintiff's Motion and affidavit establish that Plaintiff was not paid for 61.44 hours worked between August 15, 2022 and August 23, 2022. (Dkt. 16 at 17–19.) Plaintiff seeks compensation for these hours at his regular rate of $20 per hour. (*Id.*) However, Plaintiff "does not explain why, if he is seeking minimum wage recovery under the FLSA, he is entitled to recover his hourly rate, which far exceeds the minimum wage." *Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1269 n.3 (11th Cir. 2016). Under the FLSA, Plaintiff is entitled to be compensated at the statutory minimum rate for these hours. *See Wallace*, 247 F.R.D. at 682–83 ("Under the FLSA, Judy Wallace is entitled to be compensated for the difference between the wages she received and $5.15 per hour for work she performed.") (citing 29 U.S.C. § 206(a)(1)); *Martinez v. DDS Delivery Servs., LLC*, No. 6:21-cv-794-GAP-EJK, 2021 WL 7084719, at *5 (M.D. Fla. Dec. 17, 2021), *report and recommendation adopted,* 2022 WL 203231 (M.D. Fla. Jan. 24, 2022) (reducing rate of claimed damages for unpaid minimum wage to federal minimum wage rate). Plaintiff is therefore entitled to compensation for these hours at the federal minimum wage rate of $7.25 an hour. 29 U.S.C. § 206(a)(1); *Wallace*, 247 F.R.D. at 683 ("The amount

that she should have been paid is inconsequential to her minimum wage claim under the FLSA, as the FLSA only requires that an employee receive compensation at the minimum statutory rate."). Accordingly, the court recommends that Plaintiff be awarded $445.44 (61.44 hours X $7.25) for unpaid minimum wages pursuant to 29 U.S.C. § 206.

With respect to unpaid overtime wages, Plaintiff's Motion and affidavit establish that Plaintiff was not paid for 21.57 hours of overtime worked between August 15, 2022 and August 19, 2022. (Dkt. 16 at 17–19.) Under the FLSA, Plaintiff is entitled to wages for these overtime hours worked at a rate of "one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Plaintiff's regular rate of pay during his employment was $20 per hour. (Dkt. 1 ¶ 16; Dkt. 16 at 17–19.) Plaintiff is therefore entitled to a rate for these overtime hours of one and one-half times his regular rate or $30 per hour. *See, e.g.*, *Ovalle v. Lion Pavers Constr., LLC*, No. 8:22-cv-692-KKM-AAS, 2022 WL 5250216, at *1–2 (M.D. Fla. Sept. 16, 2022), *report and recommendation adopted as modified,* 2022 WL 5243130 (M.D. Fla. Oct. 6, 2022). Accordingly, the court recommends that Plaintiff be awarded $647 (21.57 hours X $30) for unpaid overtime compensation pursuant to 29 U.S.C. § 207.

In the Motion, Plaintiff also seeks to recover $2,000 that was "deducted [] as a guarantee for damages, returnable after one year or on termination." (Dkt. 16 at 16–17.) Plaintiff has not identified any authority to justify the award of such damages under the FLSA. Moreover, Plaintiff's Complaint neither alleges that Defendants improperly withheld a deduction nor mentions these damages in his requested

damages at all and Defendants have therefore not admitted these allegations through their default. *See generally* (Dkt. 1.) "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Accordingly, the court recommends that Plaintiff is not entitled to an award of $2,000 for a "guarantee for damages" deducted from his wages. *See, e.g.*, *Vermecia Palmer, Plaintiff, v. JBS Trans LLC, Defendant.*, No. 3:22-cv-1315-HLA-PDB, 2023 WL 5933357, at *5 (M.D. Fla. Aug. 10, 2023) ("The complaint contains no allegation that JBS agreed to pay Palmer for each mile she drove and failed to pay her" and "[t]hrough default, JBS has not admitted an obligation and failure to pay Palmer for the miles she drove."); *Vega v. Zudy Supermarket Inc.*, No. 8:22-cv-2062-TPB-MRM, 2023 WL 3584072, at *3 (M.D. Fla. Feb. 7, 2023) ("Plaintiff cites no authority supporting these claimed damages.").

Plaintiff also seeks an award of liquidated damages equal to the amount of unpaid wages pursuant to the FLSA. (Dkt. 16 at 13–14.) As discussed above, the court finds Defendants liable for $1,092.44 ($445.44 + $647) in unpaid wages under the FLSA. An employer found to have violated the FLSA is liable for unpaid wages and "an additional equal amount as liquidated damages." 29 U.S.C.A. § 216(b); *see Joiner v. City of Macon*, 814 F.2d 1537, 1538–39 (11th Cir. 1987) (providing that "liquidated damages are mandatory absent a showing of good faith"). Therefore, the court recommends that Plaintiff be awarded an additional equal amount of liquidated damages for a total damages award of $2,184.88.

### D. Attorneys' Fees and Costs

Plaintiff also seeks an award of $3,300 in attorneys' fees and $540 in costs as the prevailing party under the FLSA. (Dkt. 16 at 14–15.) Plaintiff's Motion includes a declaration from counsel setting forth his hourly rate and time spent on this matter. (*Id.* at 20–23.) However, pursuant to Middle District of Florida Local Rule 7.01(a), a party seeking attorneys' fees and nontaxable expenses must "obtain an order determining entitlement before providing a supplemental motion on amount." M.D. Fla. Loc. R. 7.01(a). In accordance with this bifurcated procedure, the court will consider only Plaintiff's entitlement to attorneys' fees.

In addition to any judgment awarded to a prevailing plaintiff, the FLSA provides that the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The entry of a default judgment entitles a plaintiff to reasonable attorneys' fees and costs under the FLSA. *See Dionne v. Floormasters Enters., Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012). The court therefore recommends that Plaintiff is entitled to his reasonable attorneys' fees subject to his filing of a supplemental motion on amount in accordance with Local Rule 7.01(c).

The bifurcated procedure in Local Rule 7.01(a) does not apply to taxable costs set forth in 28 U.S.C. § 1920. Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys' fees—should be allowed to the prevailing party . . . . The clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1). Taxable costs under Rule

54 are enumerated in 28 U.S.C. § 1920 and include fees of the clerk and marshal. 28 U.S.C. § 1920. However, "[w]hile Section 1920 allows for the taxation of costs, the Clerk must initially tax costs." *Lowe v. STME, LLC*, No. 8:18-cv-2667-T-33SPF, 2019 WL 2717197, at *3 (M.D. Fla. June 28, 2019) (citing Fed. R. Civ. P. 54(d)(1)); *see also* C. Wright, A. Miller, & A. Steinman, 10 Fed. Prac. & Proc. Civ. § 2679 (4th ed., April 2023 update) ("nothing normally can come before the court until the clerk has acted and an objection has been made"). Section 1920 further provides that "[a] bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree." 28 U.S.C. § 1920. Plaintiff has not filed a bill of costs for consideration by the Clerk. "Therefore, the proper procedure is for [Plaintiff] to file a verified bill of costs with the Clerk. If the Clerk taxes costs upon the filing of that bill of costs, [Defendants] may object and seek judicial review within [seven] days." *Lowe*, 2019 WL 2717197, at *3; *see also Neurocare Inst. of Cent. Fla., P.A. v. US Cap. Access, Inc.*, No. 6:13-cv-1233-Orl-31DAB, 2014 WL 12873038, at *5 (M.D. Fla. May 14, 2014), *report and recommendation adopted*, 2014 WL 12873040 (M.D. Fla. May 30, 2014) (denying request to tax costs without prejudice to party's filing of bill of costs with clerk). The court therefore recommends that Plaintiff's request for costs be denied without prejudice subject to Plaintiff's filing of a verified bill of costs and sufficient supporting documentation with the Clerk.

## CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Motion for Default Judgment (Dkt. 16) be **GRANTED in part** and **DENIED in part**.

2. The Clerk be directed to enter judgment in favor of Plaintiff and against Defendants as to Count I in Plaintiff's Complaint (Dkt. 1) and Plaintiff be awarded $2,184.88 in damages as described herein.

3. The court find Plaintiff entitled to reasonable attorneys' fees and direct Plaintiff to file a supplemental motion on the amount thereof in accordance with Middle District of Florida Local Rule 7.01(c).

4. Plaintiff's request for costs be denied without prejudice, subject to Plaintiff's filing of a verified bill of costs with the Clerk.

**IT IS SO REPORTED** in Tampa, Florida, on September 25, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days after being served with a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* 28 U.S.C. § 636(b)(1). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record
Unrepresented parties as follows:
    **Drop Runner, LLC**: 7251 Bay Pines Drive, Wesley Chapel, Florida 33544, c/o Oraldo Vega Jr.
    **Oraldo Vega, Jr.**: 7251 Bay Pines Drive, Wesley Chapel, Florida 33544