UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELIPE HERNANDEZ,

    Plaintiff,

v.                                                    Case No: 8:23-cv-1302-TPB-JSS

DROP RUNNER, LLC. and ORALDO
VEGA JR.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a supplemental motion seeking an order determining the amount of and awarding attorneys' fees, costs, and post-judgment interest in this matter pursuant to Middle District of Florida Local Rule 7.01(c). (Motion, Dkt. 19.) For the following reasons, the court recommends that the Motion be granted in part and denied in part.

### BACKGROUND

Plaintiff brought this action against Defendants Drop Runner, LLC and its owner Oraldo Vega Jr. for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and Florida Statutes §§ 772.11, 448.110. (Dkt. 1.) According to the Complaint, Plaintiff worked at Drop Runner as a foreman, installing high-speed internet cables from around October 2021 through August 24, 2022. (*Id.* ¶ 11–12.)

Plaintiff alleged that during the course of his employment, Defendant failed to pay him wages totaling at least $3,200. (*Id.* ¶ 10–20); *see also* (Dkt. 1-1.)

Neither Defendant answered the Complaint or otherwise defended this action. On Plaintiff's application, the Clerk of Court entered clerk's defaults against Defendants on July 24, 2023. (Dkts. 13, 14.) The court then granted in part Plaintiff's motion for default judgment (Dkt. 16), and final default judgment was entered in Plaintiff's favor as to Count I in Plaintiff's Complaint for violations of the FLSA, in the amount of $2,184.88. (Dkts. 17, 20, 22.) The court also found that Plaintiff was entitled to reasonable attorneys' fees pursuant to the FLSA, subject to the filing of a supplemental motion on amount in accordance with Middle District of Florida Local Rule 7.01(c). (Dkts. 17, 20.) Plaintiff now moves for an award of $3,300 in attorneys' fees, $540 in taxable costs, and post-judgment interest. (Dkt. 19.) Neither Defendant has appeared to oppose the Motion.

**APPLICABLE STANDARDS**

In determining an attorneys' fees award, courts apply the following three-step process: (1) determine whether the party is entitled to recover attorneys' fees and costs; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party. *Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed. *Am. C.L. Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

The party applying for fees bears the burden of establishing the reasonableness of the proffered rate with direct evidence of rates charged under similar circumstances or with opinion evidence. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id.* at 1303–04. In calculating the hours reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Id.* at 1301–02.

After the lodestar is determined, a court must decide whether an adjustment to the lodestar is necessary based on the results obtained. *Id.* at 1302. As such, a court may adjust the lodestar based on whether the results obtained were exceptional, excellent, or of partial or limited success, thereby compensating for all hours reasonably expended for excellent results or reducing the amount for partial or limited success. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–36 (1983)).

ANALYSIS

I. Attorneys' Fees

    A. Reasonable Hourly Rate

Plaintiff seeks an hourly rate of $400 for the work of his attorney, Daniel I. Schlade. (Dkt. 19 at 2–3.) In support, Plaintiff states that Attorney Schlade "has practiced law for more than 20 years in numerous areas of commercial and consumer litigation, representing both plaintiffs and defendants" and that he has "acquired extensive practice in the area of employee and labor rights, including prosecuting wage claim recover actions for employees" under the FLSA. (*Id.* at 2.) Defendants are deemed to have no objection to the requested rate pursuant to Middle District of Florida Local Rule 3.01(c).

Upon consideration, and in light of Defendant's non-objection and counsel's experience, the court finds that the requested rate is reasonable and is in line with the "prevailing market rate in the [Tampa] legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Renninger v. Phillips & Cohen Assocs., Ltd.*, No. 8:10-cv-5-T-33EAJ, 2010 WL 3259417, at *2 (M.D. Fla. Aug. 18, 2010) (citing *Norman*, 836 F.2d at 1303). Courts in this district have approved an hourly rate of $400 for counsel with similar experience in similar FLSA actions. *See, e.g., Raymond v. Buffalo City Bar & Grill, Inc.*, No. 8:18-cv-1619-T-33JSS, 2018 WL 4924351, at *2 (M.D. Fla. Oct. 10, 2018) (awarding rate of $400 in FLSA case resulting in default judgment); *Baez v. B&B of Fowler, Inc.*, No. 8:21-cv-24-WFJ-AEP, 2021 WL

1854560, at *6 (M.D. Fla. May 10, 2021) (same); *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *7 (M.D. Fla. June 19, 2019) ("Given [attorney's] more than twenty years of experience, her skill, and her reputation, the requested hourly rate of $400 is also reasonable[.]"), *report and recommendation adopted,* 2019 WL 2929325 (M.D. Fla. July 8, 2019); *Shropshire v. Towing & Auto Repair Mgmt. Corp.*, No. 8:20-cv-1931-TPB-CPT, 2021 WL 5496178, at *4 (M.D. Fla. Oct. 25, 2021) ("Although at the high end of what some courts have approved in FLSA cases in this community, . . . there is case authority in this District authorizing an hourly fee rate of $400 in FLSA actions in circumstances similar to those present here[.]"), *report and recommendation adopted sub nom. Shropshire v. Towing & Auto Repair Mgmt. Corp,* 2021 WL 5494504 (M.D. Fla. Nov. 23, 2021).

### B. Hours Reasonably Expended

Plaintiff seeks an award of fees for 8.25 hours expended by Attorney Schlade on this matter and submits a table of Attorney Schlade's hours. (Dkt. 19 at 3–4.) In considering hours reasonably expended, the court should "exclude excessive, unnecessary and redundant hours, and also time spent litigating discrete and unsuccessful claims." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1332 (M.D. Fla. 2002). While Plaintiff bears the burden to provide evidence in support of his fee request, "[t]hose opposing fee applications have obligations, too." *Am. C.L. Union of Ga.*, 168 F.3d at 428. "In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded

must be specific and 'reasonably precise.'" *Id.* (quoting *Norman*, 836 F.2d at 1301). Accordingly, a fee opponent's failure to lodge specific objections to an attorney fee request is generally viewed as fatal. *See Scelta*, 203 F. Supp. 2d at 1333; *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

As noted, Plaintiff's Motion is deemed unopposed pursuant to Local Rule 3.01(c). Plaintiff seeks compensation for 8.25 hours, consisting of counsel's work in investigating the facts of the case, communicating with Defendants, drafting and serving the Complaint, and pursuing default judgment. (Dkt. 19 at 3–4.) Upon consideration of Plaintiff's requested hours, the court finds them to be reasonable and in line with hours reasonably expended by counsel in similar matters with similar results. *See, e.g.*, *Cabreja*, 2019 WL 2931469, at *7 (finding 7.9 hours expended to be reasonable in FLSA case where defendant defaulted); *Baez*, 2021 WL 1854560, at *6 (14 hours expended was reasonable); *Shropshire*, 2021 WL 5496178, at *3–4 (16.1 hours expended was reasonable); *Raymond*, 2018 WL 4924351, at *2 (5.9 hours expended was reasonable).

### C. Adjustments to the Lodestar

After determining the lodestar amount, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of plaintiff's success in the suit." *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). An adjustment may be proper to compensate for all hours reasonably expended if the result was excellent or to reduce the lodestar

if the result was partial or limited success. *Norman*, 836 F.2d at 1302. In *Hensley v. Eckerhart*, the Supreme Court explained that the "most critical factor" in determining a fee award is "the degree of success obtained." 461 U.S. at 436. This evaluation requires the court to consider the extent to which the party prevailed on unrelated claims or achieved a level of success in the ligation to support the fees requested. *Id.* at 434; *see Ass'n of Disabled Ams.*, 469 F.3d at 1359; *Norman*, 836 F.2d at 1302. Upon consideration, no adjustment to the lodestar is recommended as Plaintiff prevailed in this action and received final default judgment against Defendants. The court therefore recommends that Plaintiff be awarded $3,300 in attorneys fees (8.25 hours x $400 per hour).

## II. Costs and Post-Judgment Interest

Plaintiff seeks an award of $540 in taxable costs and post-judgment interest in this matter. (Dkt. 19 at 10.) With respect to costs, Plaintiff filed a verified bill of costs that was subsequently taxed by the Clerk, seeking recovery of $402 in fees of the clerk and $138 in fees for service of the summons on Defendants. (Dkts. 18, 21.) A prevailing party is entitled to taxable costs pursuant to Federal Rule of Civil Procedure 54(d), as defined by Congress in 28 U.S.C. § 1920. *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987) (explaining that "§ 1920 defines the term 'costs' as used in Rule 54(d)")). Filing fees and service of process fees are properly taxable fees of the clerk and marshal under § 1920(1). *See Rosario v. AAA Sec. Prot., Inc.*, No.

8:14-cv-391-T-36AEP, 2015 WL 427533, at *4 (M.D. Fla. Feb. 2, 2015). However, fees for service of process may be taxed under § 1920, so long as the rates do not exceed those of the United States Marshals Service pursuant to 28 U.S.C. § 1921. *See Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014) (citing *United States E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000)). The current rate for service by the Marshals Service is $65 per hour. *See* 28 C.F.R. § 0.114(a). Plaintiff served each Defendant with a summons in this matter and is therefore entitled to $130 in service fees ($65 x 2), rather than the requested $138. Accordingly, the court recommends that Plaintiff be awarded costs in the amount of $532 ($402 + $130).

Plaintiff also seeks an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a). Section 1961(a) provides for a mandatary award of post-judgment interest "on any money judgment in a civil case recovered in a district court" and that the interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a). The court therefore recommends that Plaintiff be awarded post-judgment interest in accordance with § 1961(a). *See, e.g.*, *Alvarez v. Gregory HVAC LLC*, No. 8:19-cv-1826-CEH-JSS, 2022 WL 3101768, at *6 (M.D. Fla. Aug. 4, 2022) (awarding post-judgment interest pursuant to § 1961(a) in FLSA action on default judgment "because awarding post-judgment interest is mandatory").

## CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Supplemental Motion for Reasonable Attorney's Fees (Dkt. 19) be **GRANTED IN PART** and **DENIED IN PART**.

2. Plaintiff be awarded reasonable attorney's fees in the amount of $3,300, taxable costs in the amount of $532, and post-judgment interest pursuant to 28 U.S.C. § 1961(a).

**IT IS SO REPORTED** in Tampa, Florida, on November 21, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days after being served with this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* 28 U.S.C. § 636(b)(1). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record